UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------x
:
UNITED STATES OF AMERICA,             :        Criminal No. 3:13CR00179(RNC)
:
v.                                    :
:
RAFAEL ORTIZ                          :        February 10, 2014
:
-------------------------------------------------------x

## MOTION TO PROVIDE DISCOVERY TO DEFENDANT

The accused in a criminal matter has certain key rights which cannot be denied him:

Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness.  We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense.  To safeguard that right, the Court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence." United States v. Valenzuela–Bernal, 458 U.S. 858, 867 (1982).

California v. Trombetta, 467 U.S. 479, 485 (1984).

The defendant, Rafael Ortiz, seeks to vindicate his fundamental right to access to evidence in this case.  Mr. Ortiz hereby moves for a order permitting undersigned counsel to provide a copy of any and all discovery materials in this matter to the defendant for his review, unless the government seeks and is granted a protective order as to particular items of discovery.

Mr. Ortiz was arrested on state charges on August 1, 2013.  He was arraigned on the federal indictment, which charges him with a single count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(C), on September 16, 2013; he has been detained at the New Haven Correctional Center throughout the pendency of these proceedings.  The

government has provided materials to undersigned counsel pursuant to the Standing Order of this Court regarding discovery in criminal cases, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, including, generally:

- police reports regarding the investigation of Mr. Ortiz;
- reports regarding the search of an apartment in which Mr. Ortiz is alleged to have resided and the materials seized from that apartment;
- a witness statement;
- and documents regarding Mr. Ortiz' criminal history.

The government's September 17, 2013, cover letter enclosing the initial discovery materials states that the government "intends to use all the disclosed evidence in its case-in-chief at trial." Indeed, in this case, the discovery materials are simple, and not voluminous. The Indictment is simple, charging only one count, and naming no co-defendants.

The Complaint and Affidavit filed in the case were unsealed at the request of the government on September 16, 2013. See Doc. # 10. The unredacted Affidavit, as available to the public on PACER, details the government's investigation. See Doc. # 1. The Affidavit explains that the government alleges that two different cooperating individuals made purchases of heroin from Mr. Ortiz, and that one of those individuals is prepared to testify at trial. See Affidavit at 4. The Affidavit also alleges that the government has obtained information from a seasoned "CI" who has participated in numerous other investigations; the government alleges that this CI claims Mr. Ortiz was selling heroin from an apartment.

The Affidavit lists Mr. Ortiz's date of birth, as well as the full name and date of birth of another individual, and the street address at which the sales allegedly occurred. The Affidavit

summarizes the items allegedly located in the apartment after it was searched, and the evidence against Mr. Ortiz. All of this information is now, and has been for several months, publicly available on the PACER system.

Mr. Ortiz has made the reasonable request that he be provided with copies of the discovery materials – primarily, the police reports of the alleged purchases of heroin and the reports of the search of the apartment – for his review. While Mr. Ortiz is incarcerated, it is difficult for him to review the materials if he does not have his own copy; counsel must travel to the jail, arrange f or a meeting, and sit with Mr. Ortiz while he reviews the materials. The time available for such meetings is necessarily limited, and Mr. Ortiz is not comfortable that he has had sufficient time to examine the materials such that he can make sound decisions about his own case.

Undersigned counsel therefore requested an agreement from counsel for the government that Mr. Ortiz be permitted to have a copy of the discovery materials. After extensive discussions, undersigned counsel proposed a redacted subset of the discovery materials for disclosure. Counsel for the government consented to Mr. Ortiz being provided with a redacted version of some of the discovery materials, requesting certain additional redactions. The redactions made remove all references to the informants utilized by law enforcement, as well as the names and departments of the officers involved in the investigation.

Undersigned counsel provided the redacted materials to Mr. Ortiz. However, Mr. Ortiz continues to feel that he would be better able to prepare his own defense and to assist counsel in either reaching a resolution or preparing for trial – and, if necessary, prepare for a sentencing – if he had complete and unredacted copies of the discovery materials. It is noted that the discovery

materials do not name the informants at any point; the informants are identified only as "CI" or "CW" in the materials.

Mr. Ortiz has a right to view the evidence against him.  Rule 16 provides that the government "must permit the defendant to inspect **and to copy**" documents in the government's possession if "the item is material to preparing the defense" or "the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E) (emphasis added).  Each of the items provided to undersigned counsel to date fall within this Rule.  If the government believes that disclosure of unredacted copies of these materials to the defendant will endanger the safety of some third party or pose some other risk, the government should seek a protective order under Fed. R. Crim. P. 16(d) and show "good cause" for restricting disclosure of the evidence.

Respectfully submitted,

THE DEFENDANT,
RAFAEL ORTIZ

OFFICE OF THE FEDERAL DEFENDER

Dated: February 10, 2014        /s/ Sarah A. L. Merriam
                                Sarah A. L. Merriam
                                Assistant Federal Defender
                                265 Church Street, Suite 702
                                New Haven, CT   06510
                                Phone: 203-498-4200
                                Fax: 203-498-4207
                                Bar No.: ct25379
                                Email: sarah_merriam@fd.org

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 10, 2014, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Sarah A. L. Merriam
                                          Sarah A. L. Merriam